# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM J. SULLIVAN,<br><br>    Respondents. | Case No. 1:18-cv-00593-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact

or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

In the instant petition, Petitioner raises due process and equal protection claims that do not challenge Petitioner's conviction or sentence. (ECF No. 1 at 1, 5).[1] Petitioner alleges that he was endorsed by the California Department of Corrections and Rehabilitation's Classification Staff Representative to be transferred to CTF. However, over ninety days have passed, and Petitioner asserts that he has not been transferred to a lower custody level as mandated by the California Code of Regulations. Petitioner further alleges that the chief of Classification Services has not fulfilled his or her duty in ordering the institution to proceed with the transfer or presenting an alternative action. (ECF No. 1 at 5–6).

In the petition, Petitioner does not allege that he was penalized with any credit loss or a term in the Security Housing Unit. Rather, Petitioner is requesting the Court to order the California Department of Corrections and Rehabilitation to transfer Petitioner within thirty days or to find an alternate transfer. (ECF No. 1 at 15). Therefore, success on Petitioner's claims would not necessarily lead to immediate or earlier release from custody.

## II.

## ORDER

Accordingly, within THIRTY (30) days from the date of service of this order, Petitioner SHALL SHOW CAUSE why the instant petition should not be dismissed for lack of habeas jurisdiction pursuant to Nettles.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **May 4, 2018**

UNITED STATES MAGISTRATE JUDGE